**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SIMPLICE ALLOU,<br><br>individually and on behalf of<br>all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROAD KNIGHTS, INC. and<br>SLOBODAN JOKIC,<br><br>Defendants. | Case No. ________________ |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

## I. INTRODUCTION

1. This is an action brought on behalf of current and former delivery drivers challenging Defendant Road Knights, Inc.'s ("Road Knights") unlawful practice of misclassifying its drivers as independent contractors.

2. Plaintiff Simplice Allou ("Plaintiff") challenges Road Knights' unlawful practice of making deductions from delivery drivers' wages and requiring them to bear expenses which should have been properly borne by Road Knights. Plaintiff also contends that, as a result of the deductions taken out of his and other delivery drivers' pay, there were weeks in which he and other delivery drivers did not receive any compensation, in violation of Illinois and federal minimum wage law. Plaintiff contends that, although he and other delivery drivers were classified by Road Knights as independent contractors, they were, in fact, employees of Road Knights. Plaintiff also contends that Defendant Slobodan Jokic is individually liable by virtue of his role within Road Knights, creating and overseeing Road

Knights' unlawful classification and compensation practices.

3. Plaintiff brings this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who have contracted with Road Knights to provide delivery services between January 2016 and the present. Plaintiff alleges that, as a result of Road Knights' policies, illegal deductions were made from his and other delivery drivers' wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9. Plaintiff also alleges that Road Knights unlawfully required him and others similarly situated to incur expenses that should have properly been borne by Road Knights in violation of 820 Ill. Comp. Stat. 115/9.5.

4. Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who have provided delivery services for Road Knights between January 2023 and the present. Plaintiff alleges that, as a result of Road Knights' policies, and the deductions made from Plaintiff's and other delivery drivers' pay, they were not paid minimum wage for all hours worked in violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4.

5. Plaintiff also brings this case as a collective action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of all current and former delivery drivers who have provided delivery services for Road Knights between January 2023 and the present. Plaintiff alleges that it was Road Knights' policy and practice not to pay drivers for their final weeks of work. Accordingly, Plaintiff and other delivery drivers were not paid minimum wage in some weeks worked, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

6. Plaintiff also brings an individual claim under the FLSA, 29 U.S.C. § 215 (a) (3), for retaliation. Specifically, as detailed below, Road Knights gave Plaintiff less favorable

assignments, and eventually terminated Plaintiff, in retaliation for complaining about Road Knights misclassifying him as an independent contractor.

## II. THE PARTIES

7. Plaintiff Simplice Allou is an adult resident of Virginia. Plaintiff Allou worked for Road Knights as a truck driver, making deliveries in Illinois and other states between approximately March 2023 and December 2024. During this time, Plaintiff Allou was classified as an independent contractor.

8. Defendant Road Knights is an Illinois corporation headquartered in Schiller Park, Illinois. It does business in Illinois and is registered with the Illinois Secretary of State.

9. Defendant Road Knights' web page describes Road Knights as "a family owned trucking company that has been in operation since 2010" and advertises "quality transportation and logistics services to all US clients".[1]

10. Defendant Slobodan Jokic is an Illinois resident and is the owner and President of Road Knights. In his role, Slobodan Jokic possesses and exercises the authority to make or participate in decisions concerning drivers' compensation; implement and enforce rules affecting the material terms of drivers' work, employment, and compensation; hire drivers, supervise their work, and impose discipline on them. Specifically, Slobodan Jokic signed Plaintiff's termination letter.

## III. JURISDICTION AND VENUE

11. The Court has personal jurisdiction over Plaintiff and the class he seeks to represent because they worked in the State of Illinois for Illinois employers and/or are citizens of the state of Illinois.

12. The Court has personal jurisdiction over Defendants because Defendants reside in

[1] https://www.roadknights.us/ (last visited December 29, 2025).

Illinois, do business in the State of Illinois, and their conduct in the State of Illinois underlies all claims in this suit.

13. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

14. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant 28 U.S.C. § 1367(a), because these claims are so related to the federal claims that they form part of the same case and controversy.

15. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this lawsuit occurred in this District.

## IV. STATEMENT OF FACTS

16. Plaintiff was hired by Road Knights to perform deliveries in Illinois and across the United States.

17. Plaintiff was required to sign an independent contractor agreement with Road Knights.

18. Plaintiff drove a truck and trailer which were registered under Road Knights' DOT number, and which had Road Knights insignia on them. These trucks and trailers are, upon information and belief, owned by Road Knights' President and owner, Slobodan Jokic, and are "leased" to Road Knights through Tru Lease, LLC, another entity owned by Jokic.

19. Plaintiff worked for Road Knights full time, routinely working up to 70 hours a week. Plaintiff did not work anywhere else while working for Road Knights.

20. Plaintiff and other delivery drivers were required to regularly check in with Road Knights dispatchers to take their instructions as to which loads to haul, where and when to pick up and drop off these loads.

21. Plaintiff and other delivery drivers were also required to comply with Road

Knights' time constraints for deliveries and other instructions and were required to regularly report to Road Knights staff and Road Knights' office in Illinois.

22. Plaintiff and other delivery drivers were paid a set number of cents per mile, which was determined by Road Knights, for the deliveries they made.

23. Throughout the course of Plaintiff's employment, Road Knights made deductions from his pay for items including an escrow account, insurance payments, fines and penalties, and repairs, among others, which often came to hundreds of dollars per week. Plaintiff did not authorize these deductions.

24. As a result of these deductions, there were weeks in which Plaintiff and other drivers did not receive any compensation, or received compensation significantly below the Illinois and federal minimum wage, despite working up to 70 hours a week for Road Knights. Specifically, for the week of December 13, 2024, despite driving 849 miles and working more than 15 hours for Road Knights, Plaintiff Allou's pay statement indicated that he *owed* 2,494.95 to Road Knights.

25. Although Road Knights classified Plaintiff Allou and other delivery drivers as independent contractors, the behavior and financial control manifested over the drivers by Road Knights demonstrates that they were employees of Road Knights.

26. Plaintiff and other delivery drivers were required to pick up trucks and trailers from Road Knights' yard in Illinois.

27. Plaintiff and other delivery drivers were hired by Road Knights in Illinois at Road Knights' office, were required to pick up and deliver freight for Road Knights in Illinois, and received directions regarding their deliveries from Road Knights' dispatchers and management team in Illinois.

28. Road Knights controlled every aspect of their drivers', including Plaintiff's, work.

Such control included, but was not limited to the following:

A. Road Knights required Plaintiff and other similarly situated drivers to comply with instructions dictated by written and unwritten policies, procedures, and directives regarding Plaintiff's and other similarly situated drivers' duties.

B. Plaintiff and other delivery drivers were required to report to Road Knights' facilities regularly. For example, Plaintiff and other drivers were required to come to Road Knights' office and yard to pick up and drop off trucks and trailers, and complete onboarding paperwork.

C. The trucks and trailers Plaintiff and class members drove bore Road Knights insignia and markings, and were registered under Road Knights' DOT number.

D. Plaintiff, as well as other similarly situated drivers, were required to report to or contact dispatchers employed by Road Knights to receive delivery assignments, to report when they picked up and dropped off loads, and to report any issues with their assigned deliveries.

E. Road Knights instructed Plaintiff and other similarly situated drivers which loads to pick up, the location of the loads/goods to be delivered, as well as the time frames for loading and unloading. Additionally, Road Knights dictated the time by which each delivery must be made. Road Knights' dispatchers and supervisors also communicated with Plaintiff and similarly situated drivers while they were driving in order to convey instructions and otherwise oversee the drivers.

F. Plaintiff and other similarly situated drivers had GPS devices on their vehicles, which allowed Road Knights to track the drivers throughout the day.

G. Road Knights subjected drivers, including Plaintiff, to a variety of deductions, including, but not limited to, deductions for an escrow account, insurance payments, fines and penalties, and repairs.

H. If Plaintiff or other similarly situated drivers wished to take time off, they were required to give timely advance notice to Road Knights. In addition, if drivers left Road Knights without providing a two-week notice, $1,000.00 would be deducted from their escrow account.

29. Plaintiff and other delivery drivers performed work which is in the usual course of business of Road Knights — *i.e.* they were truck drivers who performed delivery services and Road Knights is engaged in business of providing trucking delivery services to their customers.

30. Road Knights required Plaintiff and other delivery drivers to submit all bills of lading, logbooks, and other required paperwork to Road Knights' office in Illinois.

31. At no time during their employment were Plaintiff and other similarly situated drivers allowed to have their own customers nor did they ever have their own customers. Further, they could not choose and did not choose their own routes for delivery of cargo, could not and did not receive compensation or otherwise exchange payment for their delivery other than being compensated by Road Knights and could not and did not negotiate directly with any customers or brokers.

32. Plaintiff and other similarly situated delivery drivers shared similar job titles, followed the same policies and practices, performed similar duties, and as a result of Road Knights' common scheme of misclassification and application of unlawful deductions, were similarly denied compensation in violation of federal and state law.

33. On or about November 7 2024, Plaintiff complained to Road Knights' accounting department about being misclassified as an independent contractor. Following this complaint,

Plaintiff began receiving less desirable delivery assignments from Road Knights.

34. A few weeks later, on December 9, 2024, Plaintiff received a termination notice from Road Knights. Plaintiff was purportedly terminated for failing to follow Road Knights' safety policies. However, this was Plaintiff's "first offense", which, according to Road Knights' policies, should have resulted in a fine and additional training, rather than termination. Upon information and belief, Plaintiff was terminated for complaining about his misclassification.

## V. CLASS ALLEGATIONS

35. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for the following IWCPA Class (Counts I-II):

> all persons who contracted to provide trucking delivery services for Road Knights as delivery drivers in Illinois, and who personally provided trucking delivery services to Road Knights, who have either been classified as independent contractors or have not been paid or treated as employees between January 2016 and the present.

36. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for the following IMWL Class (Count III):

> all persons who contracted to provide trucking delivery services for Road Knights as delivery drivers in Illinois, and who personally provided trucking delivery services to Road Knights, who have either been classified as independent contractors or have not been paid or treated as employees between January 2023 and the present.

37. The members of each class are so numerous that joinder of all members is impracticable. Plaintiff believes that each class exceeds forty (40) members.

38. Common issues of law and fact predominate the claims of the class. Specifically, all claims are predicated on a finding that Road Knights misclassified its drivers as independent contractors when they were in fact employees. In short, the claims of the named Plaintiffs are identical to the claims of the class members.

39. The named Plaintiff is an adequate representative of the classes because all class

members were subject to Road Knights' uniform practices and policies. Further, Plaintiff and the potential class members have suffered the same type of economic damages as a result of Road Knights' practices and policies.

40. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff's counsel is competent and experienced in litigating large wage and hour class and collective actions.

41. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

## VI. COLLECTIVE ALLEGATIONS

42. Plaintiff's FLSA claims (Count IV) should proceed as a collective action on behalf of all similarly situated individuals who worked as delivery drivers for Road Knights during the past three years who may choose to opt-in to this case.

43. All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Road Knights did not pay drivers the minimum wage in all weeks worked, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

### Count I
### Illinois Wage Payment and Collection Act - Deductions

44. Plaintiff re-alleges and incorporate by reference the preceding paragraphs of this

Complaint as if fully rewritten herein.

45. At all relevant times, Plaintiff and members of the proposed class were "employees" of Defendants as defined by the IWPCA.

46. At all relevant times, Defendants were employers of Plaintiff and proposed class members as defined by the IWPCA.

47. The IWPCA, 820 Ill. Comp. Stat. 115/9, prohibits employers from making unauthorized deductions from employees' wages.

48. Road Knights violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by making unlawful deductions from Plaintiff's and class members' wages.

49. Slobodan Jokic violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by permitting and directing Road Knights to make unlawful deductions from Plaintiff's and the proposed class members' wages.

50. Plaintiff seeks reimbursement for all unlawful deductions taken by Road Knights from his and class members' pay.

**Count II**
**Illinois Wage Payment and Collection Act – Expenses**
**(in the alternative to Count I)**

51. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

52. At all relevant times, Plaintiff and the proposed class members were "employees" of Defendants as defined by the IWPCA.

53. At all relevant times, Defendants were employers of Plaintiff and the proposed class as defined by the IWPCA.

54. Road Knights violated Section 115/9.5 of the IWPCA by failing to reimburse Plaintiff and other class members who worked for them since January 1, 2019 for expenditures they incurred related to services performed for the Defendants from January 1, 2019 to the present.

55. Slobodan Jokic violated the IWPCA, 820 Ill. Comp. Stat. 115/9.5, by permitting drivers to incur expenses related to their work for Road Knights that should have been borne by Defendants.

56. Plaintiff seeks reimbursement for all unlawful expenses he and the proposed class members were forced to incur as part of their work for Defendants.

**Count III**
**Illinois Minimum Wage Law – Minimum Wage**

57. All previous paragraphs are incorporated as though fully set forth herein.

58. Pursuant to 820 ILCS 105/4a, an employer is required to pay his employees a minimum wage for all hours worked.

59. During all relevant times, Road Knights was an employer within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/3.

60. During all relevant times, Plaintiff and class members were covered employees within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/3.

61. As a result of the deductions taken by Road Knights from Plaintiff's and class members' pay, Road Knights failed to pay Plaintiff and the class members minimum wage for all hours worked as required by 820 ILCS 105/4a.

62. Pursuant to 820 ILCS 105/12, Road Knights is liable to Plaintiff and the class members for their unpaid minimum wage compensation, attorneys' fees, costs, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which the wages remain unpaid.

**Count IV**
**Fair Labor Standards Act - Minimum Wage**

63. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

64. Under the FLSA, 29 U.S.C. § 206, Defendants were required to pay Plaintiff and the members of the putative collective minimum wage for all hours worked.

65. However, as a result of the deductions taken by Road Knights from Plaintiff's and class members' pay, Road Knights failed to pay Plaintiff and the members of the putative FLSA collective the statutory minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

66. Defendants' conduct was willful and intentional, in that Defendants knew, required, approved and/or suffered or permitted Plaintiff and members of the FLSA collective to work hours for which they were not paid at the federal minimum wage.

67. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

**Count V**
**Fair Labor Standards Act - Retaliation**

68. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

69. The FLSA prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the FLSA. 29 U.S.C. § 215(a)(3).

70. Road Knights' actions in giving Plaintiff less favorable assignments, and eventually terminating Plaintiff, were a direct response to Plaintiff making a complaint about

Road Knights' misclassification of Plaintiff and other delivery drivers, and thus constitute impermissible retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3).

**Prayer for Relief**

WHEREFORE, Plaintiff requests that the Court enter the following relief:

1. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23(b)(3);
2. Appointing Plaintiff as a class representative and his counsel as class counsel;
3. An order enjoining Defendants from violating the IWPCA, the IMWL, and the FLSA;
4. Restitution for all deductions taken from Plaintiff's and class members' wages;
5. Restitution for all Road Knights' operating expenses that Plaintiff and class members were forced to bear;
6. Prejudgment interest and statutory damages;
7. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);
8. Payment of all wages due to Plaintiff and members of the collective;
9. Liquidated damages under the FLSA;
10. Attorney's fees and costs;
11. Any other relief to which Plaintiff and the Class and Collective members may be entitled.

DATED: January 7, 2026

Respectfully Submitted,

SIMPLICE ALLOU,
individually and on behalf of
all others similarly situated,

By his attorneys,

/s/ Bradley Manewith

Bradley Manewith, IARDC # 6280535
Lichten & Liss-Riordan, P.C.
5 Revere Drive, Suite 200

Northbrook, IL 60062
Tel. (617) 994-5800
Fax (617) 994-5801
bmanewith@llrlaw.com

Harold Lichten (*pro hac vice anticipated*)
Olena Savytska (*pro hac vice anticipated*)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com